**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Dean M. MacKenzie,

Plaintiff,

vs.

Dora B. Schriro,

Defendant.

CV 06-01358-PHX-JWS (JCG)

**REPORT AND RECOMMENDATION**

Petitioner Dean M. Mackenzie, presently incarcerated at the Arizona State Prison Complex, Lewis/Barchey Unit, in Buckeye, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 8), and Petitioner's Traverse to Petition to Habeas Corpus ("Reply"). (Doc. No. 11.) The Magistrate Judge recommends that the District Court, after its independent review, dismiss the petition on the ground that it is time barred.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties are in agreement as to the relevant factual and procedural background. (Reply at 2.) On December 5, 2001, Petitioner was convicted by a jury in Mohave County Superior Court in the State of Arizona of theft, a class one misdemeanor, and theft of means of transportation, a class three felony. (Answer, Ex. K.) The trial court sentenced Petitioner to 158 days in prison for the misdemeanor, with credit for 158 days served. (Answer, Ex.

L.) The trial court sentenced Petitioner to a term of 14 years imprisonment for the class three felony. *Id.*

Petitioner, represented by counsel, timely appealed his conviction on July 11, 2002. (Answer, Ex. M.) On November 7, 2002, the Arizona Court of Appeals issued a memorandum decision indicating that it had reviewed the record for reversible error and found none. (Answer, Ex. N.) Petitioner did not file a petition for review with the Arizona Supreme Court. Thus, his direct appeal concluded on December 7, 2002.

On January 6, 2003, Petitioner timely filed a *pro se* notice of post-conviction relief and petition for post-conviction relief. (Answer, Ex. P.) In his petition, the Petitioner raised only one issue: whether the jury's finding of "dangerousness" for the offense of theft of means of transportation was supported by the evidence. *Id.* Petitioner requested counsel and the trial court appointed Jill Evans to represent him. (Answer, Ex. Q.) On January 27, 2003, the State filed a response to the petition for post-conviction relief. (Answer, Ex. R.) On February 21, 2003, Petitioner filed a *pro se* reply to the State's response to his petition. (Answer, Ex. S.) Because Petitioner was represented by counsel, the trial court declined to consider his *pro se* reply. (Answer, Ex. T.)

On March 6, 2003, Petitioner's counsel, Jill Evans, moved to withdraw, indicating that Petitioner intended to raise a claim of ineffective assistance of appellate counsel. (Answer, Ex. U.) The trial court granted the motion and appointed Eric Devany to represent Petitioner. (Answer, Ex. V.) On June 27, 2003, Petitioner's counsel filed a notice of completion of post-conviction review, stating that he was unable to find any viable claims to raise in post-conviction relief proceedings. (Answer, Ex. X.) On August 28, 2003, the trial court denied the petition. (Answer, Ex. Y.) Petitioner did not appeal this ruling to the Arizona Court of Appeals or the Arizona Supreme Court. (Answer, Ex. AA.)

Petitioner filed a second notice of post-conviction relief on November 12, 2004, citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). (Answer, Ex. Z.) Petitioner argued that *Apprendi* and *Blakely* required a jury to consider any aggravating factors at sentencing, and

thus he was entitled to a jury finding and re-sentencing. *Id*. On December 9, 2004, the trial court summarily dismissed Petitioner's second notice of post-conviction relief, after concluding that Petitioner's conviction was final, and that *Blakely* did not apply retroactively. (Answer, Ex. AA.)

On December 15, 2004, Petitioner filed a petition for review of the trial court's decision in the Arizona Court of Appeals. (Answer, Ex. BB.) The Court of Appeals summarily dismissed the petition on October 5, 2005. (Answer, Ex. CC.) On October 19, 2005, Petitioner mailed a "Motion for Reconsideration Plus Supplement for Review" to the Arizona Court of Appeals. (Answer, Ex. DD.) The Arizona Court of Appeals refused to accept Petitioner's motion based on Arizona Rule of Criminal Procedure 31.18, which prohibits the filing of a motion for reconsideration of an order denying a petition for review. (Answer, Ex. EE.)

On November 7, 2005, Petitioner filed a petition for review in the Arizona Supreme Court. (Answer, Ex. FF.) In addition to arguing that *Apprendi* and *Blakely* required re-sentencing, Petitioner also raised the issue of whether the trial court erred in finding there was sufficient evidence to offer to the jury as to the "dangerousness" of his offense. *Id*. The Arizona Supreme Court denied review. (Answer, Ex. GG.)

On May 24, 2006, Petitioner filed the pending Petition for Writ of Habeas Corpus. (Doc. No. 1.) On July 20, 2006, Respondent filed an Answer. (Doc. No. 8.) On September 6, 2006, Petitioner filed a Traverse to Petition for Writ of Habeas Corpus (hereafter "Reply"). (Doc. No. 11.)

## DISCUSSION

In his Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief: (1) his aggravated sentence for theft of means of transportation violated *Apprendi* and *Blakely*; (2) trial counsel was ineffective during the sentencing phase of the proceedings; (3) appellate counsel was ineffective; and (4) counsel who represented him during his first "of right" post-conviction relief was ineffective. The State asserts: (1) the petition is untimely; and (2) Petitioner failed properly to exhaust his state court remedies. Because this Court

concludes that the Petition is untimely, the Court will not address the state's second argument.

**I. Timeliness Under AEDPA**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).[1] The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). An application for post-conviction relief is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4. 8, 121 S.Ct. 361 (2000).

On December 7, 2002, Petitioner's direct appeal became final[2] and the one-year statute of limitations began to run the next day, on December 8, 2002.[3] The statute of limitations

---

[1] Of these possible starting dates, only the first and third are relevant in this action.

[2] The Arizona Court of Appeals affirmed Petitioner's conviction on November 7, 2002. (Answer, Ex. N.) Petitioner's direct appeal became final thirty days later on December 7, 2002, because Petitioner failed to petition the Arizona Supreme Court for review.

[3] The one-year anniversary of this date, December 8, 2003, would have been the last day for Petitioner to timely file a petition for writ of habeas corpus not accounting for time tolled. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the one-year period using the

ran for thirty days from December 8, 2002, to January 6, 2003, when Petitioner timely filed his initial petition for post-conviction relief. (Answer, Ex. P.) The statute of limitations was tolled until August 28, 2003, when the trial court denied the petition. (Answer, Ex. Y.) The statute of limitations resumed on August 29, 2003, and continued for an additional 442 days, until Petitioner filed a second petition for post-conviction relief on November 12, 2004. (Answer, Ex. Z.) When Petitioner filed his second petition for post-conviction relief, the 365-day limitations period had expired.[4] Petitioner did not file the Petition for Writ of Habeas Corpus until May 24, 2006. Therefore, the petition is time barred.[5]

## II. Retroactivity of *Blakely*

Petitioner argues that the statute of limitations should begin to run on the date on which the constitutional right asserted was initially recognized by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004). If *Blakely* recognized a new constitutional right and made that right retroactive to cases on collateral review, then, pursuant to 28 U.S.C. § 2244(d)(1), the statute of limitations for Petitioner's claim would not have begun to run until June 24, 2004 – the date of the *Blakely* decision. However, *Blakely* does not apply retroactively on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005).

---

"anniversary method" of Fed. R. Civ. P. 6(a)).

[4] Though Petitioner's initial notice of post conviction relief was timely filed thirty days after the statute of limitations began to run on January 6, 2003, his second subsequent notices of post-conviction relief were untimely. (Answer, Exs. Z, BB, FF, HH.) Because the notices were not "properly filed," they cannot continue the statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 408-09 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[5] Equitable tolling may be available even after the statute of limitations period expired if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a timely petition. *Alvarez-Machain v. U.S.*, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814, 118 S. Ct. 60, 139 L.Ed.2d 23 (1997). Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro*, 292 F.3d at 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and *Beeler*, 128 F.3d at 1288). Petitioner has not argued that he was unable to timely file the pending petition due to extraordinary circumstances beyond his control. In fact, a total of 548 days passed from the time the statute of limitations commenced until Petitioner filed his federal petition for habeas corpus.

Therefore, the *Blakely* decision cannot be used to determine the date the limitations period commenced.

**III. Rule 9 Governing § 2254 Cases**

In his Reply, Petitioner asserts that a petition for writ of habeas corpus is timely if filed within five years. In support, Petitioner cites Rule 9 of the Rules Governing § 2254 cases. Petitioner further claims that "the petitioner is held to a standard of reasonable diligence. Any inference or presumption arising by reason of the failure to attack collaterally a sentence may be disregarded where there has been a change of law." (Reply, Doc. No. 11.) Petitioner also asserts that Rule 9(a) is not a statute of limitations; he notes that the language of that provision is permissive rather than mandatory and therefore the court has discretion in determining whether to dismiss a petition for untimeliness.

Rule 9, as currently written, does not contain a subsection (a), applies to successive petitions for writs of habeas corpus and is therefore inapplicable here. The Rule provides simply that: Before presenting a second or successive petition, the petitioner obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4). In other words, Rule 9 will not remedy Petitioner's untimely filing or alter the conclusion that Petitioner's claim is time barred.[6]

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court, after its independent review, enter an order **DISMISSING** the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections

---

[6] Though Petitioner's initial notice of post-conviction relief was timely filed thirty days after the statute of limitations began to run on January 6, 2003, his second subsequent notices of post-conviction relief were untimely. (Answer, Exs. Z, BB, FF, HH.) Because the notices were not "properly filed," they cannot continue the statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 408-09 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

filed are to be identified with the following case number: **CV 06-1358-PHX-JWS**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

**DATED** this 29th day of January, 2007.

Jennifer C. Guerin
United States Magistrate Judge